UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JUSTIN SOLONDZ,<br><br>Defendant. | No. 2:06-cr-00155-DC-4<br><br><br>ORDER DENYING THE GOVERNMENT'S MOTION TO DISMISS<br><br>(Doc. No. 39) |

On April 23, 2025, the Government moved to dismiss the indictment in its entirety as to Defendant Justin Solondz pursuant to Federal Rule of Criminal Procedure 48(a).[1] (Doc. No. 39 at 1.) For the reasons explained below, the court will deny the Government's motion to dismiss.

Rule 48(a) provides that "[t]he government may, with leave of court, dismiss an indictment, information, or complaint." Rule 48(a) is a departure from the common law, under which a prosecutor could enter a *nolle prosequi* without any involvement by the court. *United States v. Gonzalez*, 58 F. 3d 459, 460 (9th Cir. 1995). In deciding whether to grant leave to dismiss, a district court must "grant considerable deference to the prosecutor" under Rule 48(a).

---

[1] On April 6, 2006, a grand jury returned an indictment charging Defendant with one count of conspiracy to commit arson pursuant to 18 U.S.C. § 844(n), one count of arson of a government building pursuant to 18 U.S.C. §§ 844(f)(1)–(2), and one count of use and carrying of a destructive device during and in relation to a crime of violence pursuant to 18 U.S.C. § 924(c)(1). (Doc. No. 1 at 1–3.)

1  *Id.* at 461. Indeed, a district court's denial of a motion to dismiss an indictment may only be
2  appropriate where "the motion was clearly contrary to manifest public interest." *United States v.*
3  *Garcia-Valenzuela*, 232 F. 3d 1003, 1008 (9th Cir. 2000) (quoting *Gonzalez*, 58 F. 3d at 462).
4  Still, the prosecution "has the responsibility of bringing to the court's attention the grounds for
5  dismissal." *United States v. Valdez*, No. 6:23-po-00303-HBK, 2023 WL 5934400, at *1 (E.D.
6  Cal. Sept. 12, 2023) (citation omitted); *see also United States v. Olmos-Gonzales,* 993 F. Supp. 2d
7  1234, 1235 (S.D. Cal. 2014) ("To enable courts to carry out this limited review, the government
8  must provide its reasons and factual basis justifying dismissal.").

9        The Government's motion to dismiss consists of one sentence: "Pursuant to
10 Fed.R.Crim.P. 48(a), the United States hereby moves to dismiss the indictment as to defendant
11 JUSTIN SOLONDZ only in the above-entitled case." (Doc. No. 39 at 1.) The court is unable to
12 determine whether the Government's reasons for seeking dismissal are contrary to the public
13 interest because the Government's motion is devoid of any information in support of its request.
14 The court will therefore deny the Government's motion to dismiss the indictment without
15 prejudice. *See United States v. Roblero*, No. 24-cr-79-BTM, 2024 WL 994640, at *2 (S.D. Cal.
16 Mar. 7, 2024) (denying government's motion to dismiss the indictment without prejudice where
17 the government provided no basis for dismissal beyond that it was "appropriate" and "in the
18 interest of justice"); *Olmos-Gonzales*, 993 F. Supp. 2d at 1236 (denying Rule 48(a) motion
19 without prejudice where the government provided no justification for dismissal beyond that it was
20 "in the interest of justice"). The Government may refile their motion to include a basis for
21 dismissal of the indictment.

22       Accordingly:
23       1.    The Government's motion to dismiss (Doc. No. 39) is DENIED without prejudice;
24            and
25 /////
26 /////
27 /////
28 /////

2. Within fourteen (14) days of the entry of this order, the Government shall file either a motion to dismiss the indictment that includes a specific reason for seeking dismissal or a status report updating the court on how the Government plans to proceed on this matter.

IT IS SO ORDERED.

Dated:  __**April 28, 2025**__                             _____
                                                            Dena Coggins
                                                            United States District Judge

3